FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:13 pm, Dec 16, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

DEMETRIUS D. HOMER,

   Plaintiff,

    v.

D. EDGE; and FCI JESUP,

   Defendants.

CIVIL ACTION NO.: 2:20-cv-35

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and 28 U.S.C. § 1331.[1]  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1] Plaintiff's Complaint is filed on a 28 U.S.C. § 1331/<u>Bivens</u> action Complaint form.  Doc. 1. Clearly, however, Plaintiff intends to state a different cause of action arising out of the Federal Tort Claims Act.  "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."  <u>Retic v. United States</u>, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003)).  Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."  <u>Id.</u> (quoting <u>Castro</u>, 540 U.S. at 381–82).  Although not a motion, the Court will ignore the § 1331 label on Plaintiff's Complaint and construe his claims under the Federal Tort Claims Act.

## PLAINTIFF'S CLAIMS[2]

Plaintiff is currently incarcerated at FCI Bennettsville.  Doc. 1 at 5.  Plaintiff alleges,

while incarcerated at FCI Jesup, he slipped and fell when walking to the bathroom.  Id. at 3.  The

fall was caused by a puddle which formed due to a leaky pipe.  Id.  When he fell, he hit his head,

necessitating a trip to the hospital.  Id.  Plaintiff still suffers from headaches and back problems

as a result of the fall.  Id. at 4.  Plaintiff further states he "put prison staff on notice" of the leaky

pipe prior to his fall, ultimately alleging Defendants were negligent in failing to fix the pipe.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by

prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a

---

[2]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity
review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."
Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.      FTCA Claims

Plaintiff brings an FTCA claim against Defendants Edge and FCI Jesup.  The FTCA is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States.  28 U.S.C. §§ 1346(b)(1) & 2674; see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").  Here, Plaintiff sues Defendants other than the United States for their alleged negligence.  In an FTCA action, the only proper defendant is the United States.  28 U.S.C. § 2679.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claims and, thus, Plaintiff's Complaint.

### II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

3

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

4

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of December, 2020.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA